# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL HAWKINS, <br> GDC NO. 1079107, <br>     Plaintiff, | MANDAMUS <br> 28 U.S.C. § 1361 |
| v. | CIVIL ACTION NO. <br> 1:10-CV-0767-TCB |
| UNNAMED, <br>     Defendant. | |

## ORDER AND OPINION

Plaintiff, currently confined at the Terrell County Work Camp in Albany, Georgia, has submitted a letter to this Court which the Clerk of the Court has construed as a 28 U.S.C. § 1361 petition for a writ of mandamus. (Doc. 1). Plaintiff states that, on October 31, 2009, he was charged with possession of contraband – cell phone. (Doc. 1 at 1.) Plaintiff received several sanctions and was fined $100.00 for his transgression. (*Id.*) On November 6, 2009, Plaintiff was taken to the Spalding County Jail and charged with the criminal offense of being a prisoner in possession of contraband. (*Id.*) Plaintiff states that he has not been indicted for this crime. (*Id.*)

Plaintiff alleges that he has been given the opportunity to serve the final nine months of his sentence on work-release. (*Id.*) However, the pending criminal

charge in Spalding County has prevented him from being assigned to work-release. (*Id.*) On January 5, 2010, Plaintiff filed a motion to indict or dismiss in forty-five (45) days. (*Id.*) That motion has not yet been ruled upon. Plaintiff asks this Court to telephone Spalding County District Attorney Scott Ballard in order to "get the ball rolling" in his pending state criminal case. (*Id.*)

Spalding County is located in the United States District Court for the Northern District of Georgia, Newnan Division. According to 28 U.S.C. § 1391(b), a civil action should be brought in a "district where any defendant resides" or in a "district where a substantial part of the events or omissions giving rise to the claim occurred." As the events alleged in this civil action occurred in the Newnan Division and the Spalding County District Attorney[1] presumably resides in that division, venue lies in the Newnan Division.

Title 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

---

[1] Although Plaintiff has not named a defendant, he is permitted to amend this action by naming one. *See* Fed. R. Civ. P. 15(a)(1).

2

it should have been brought." For the reasons that follow, this action should be summarily dismissed.

To the extent Plaintiff asks this Court to compel the Spalding County District Attorney either to indict him or to dismiss the criminal case, Plaintiff's request is "in the nature of mandamus." 28 U.S.C. § 1361. Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." *Id.* Federal courts have no general power to issue writs of mandamus against state officials. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *Noe v. Metropolitan Atlanta Rapid Transit Authority*, 485 F. Supp. 501, 504 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (5th Cir.), *cert. denied*, 454 U.S. 1126 (1981). Therefore, a federal court does not have the authority to grant Plaintiff his requested relief.

However, Plaintiff may not have intended to file a petition for a writ of mandamus. Plaintiff did not name a defendant, and the type of relief he requests suggests that he may be seeking informal assistance from this Court. Regardless of whether Plaintiff intended to file a civil action, federal courts should not advocate for a state criminal defendant.

3

This Court is unable to provide Plaintiff the assistance he requests, and, therefore, this action should be summarily dismissed. *See* 28 U.S.C. § 1915A(a)-(b) (requiring a district court to review "as soon as practicable" a prisoner complaint and "dismiss the complaint" if the prisoner "fails to state a claim upon which relief may be granted"). Because Plaintiff may not have intended to seek a writ of mandamus, this action will be dismissed without prejudice.

**IT IS ORDERED** that the instant *pro se* petition for a writ of mandamus [1] is **DISMISSED WITHOUT PREJUDICE.** For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action *in forma pauperis*.

**IT IS SO ORDERED**, this 30th day of March, 2010.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

4